52171-LSK/PGC

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| Dinesio Richardson, | |
| Plaintiff, | |
| v. | No. 10 C 04609 |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER ITHAL (STAR #196767), OFFICER GEISBUSH (STAR # 16422), OFFICER BERRY (STAR #993), OFFICER TURNER (STAR # 14932) AND UNKNOWN CHICAGO POLICE OFFICERS, | Judge Blanche M. Manning<br><br>Magistrate Soat Brown |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COME Defendants, THE CITY OF CHICAGO, OFFICERS GEISBUSH, ITHAL, BERRY, AND TURNER, by and through their attorneys, QUERREY & HARROW, LTD., and for their Answer and Affirmative Defenses to Plaintiff's Complaint state as follows:

### Introduction

1. This action for excessive force is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

ANSWER: Defendants admit that Plaintiff brings this cause of action pursuant to 42 U.S.C. Section 1983, but deny that there has been a deprivation of the Plaintiff's civil rights.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and venue is proper under 28 U.S.C. § 1391(b). On information and belief,

all parties reside in this judicial district, and the events giving rise to the claims asserted herein occurred within the district.

ANSWER: Defendants admit federal jurisdiction and proper venue in this matter.

### The Parties

3. Plaintiff, nineteen-year old Dinesio Richardson, is a resident of Chicago, Cook County, Illinois.

ANSWER: Defendants neither admit nor deny the allegations contained in Paragraph 3 as they lack sufficient knowledge to form a belief as to the veracity of the allegations contained therein.

4. Defendant Officers Geisbush Star #16422, Ithal Star 196767, Berry Star #933, and Turner Star #14932 are police officers with the Chicago Police Department, They engaged in the conduct complained of while in the scope of their employment and under color of law. They are sued in their individual capacities.

ANSWER: Defendant Officers Geisbush, Ithal, Berry, and Turner admit that they are employed as police officers with the Chicago police department and that they are sued in their individual capacities, but deny that they engaged in the conduct complained of.

5. Defendant City of Chicago ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, which operates the Chicago Police Department.

ANSWER: Admit

6. At roughly 1:00a.m. on May 18, 2010, in the area of 5740 S. Winchester Ave. in Chicago, Plaintiff was in the backseat of a car being driven by Derrick Nicholson.

ANSWER: Defendants neither admit nor deny the allegations contained in Paragraph 6 as they lack sufficient knowledge to form a belief as to the veracity of the allegations contained therein.

7. When plaintiff saw Defendant Officers at the car, Plaintiff immediately put his hands in the air.

ANSWER: Defendants neither admit nor deny the allegations contained in Paragraph 7 as they lack sufficient knowledge to form a belief as to the veracity of the allegations contained therein.

8. Defendant Officers proceeded to pull Plaintiff out of his car.

ANSWER: Defendants deny the allegations contained in Paragraph 8.

9. Plaintiff was dragged from the car to the ground.

ANSWER: Defendants deny the allegations contained in Paragraph 9.

10. Additional officers came up to Plaintiff and began kicking Plaintiff in the head.

ANSWER: Defendants deny the allegations contained in Paragraph 10.

11. Plaintiff suffered head injuries that required medical treatment.

ANSWER: Defendants neither admit nor deny the allegations contained in Paragraph 11 as they lack sufficient knowledge to form a belief as to the veracity of the allegations contained therein.

12. Defendants placed Plaintiff in the back of police vehicle.

ANSWER: Defendants deny the allegations contained in Paragraph 12.

13. Plaintiff was not under arrested for any crime.

ANSWER: Defendants admit that Plaintiff was not arrested on May 18, 2010, but deny the remaining allegations as phrased in Paragraph 13.

### Count I-42 U.S.C. § 1983
### Fourth Amendment-Excessive Force

14. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

ANSWER: Defendants reincorporate their answers to the foregoing paragraphs as if restated fully herein.

15. As described in the preceding paragraphs, the conduct of the Defendant Police Officers, acting under color of law, constituted excessive force in violation of the United States Constitution.

ANSWER: Defendants deny the allegations contained in Paragraph 15.

16. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

ANSWER: Defendants deny the allegations contained in Paragraph 16.

17. The misconduct described in this County was undertaken with malice, willfulness, and reckless indifference to the right of others.

ANSWER: Defendants deny the allegations contained in Paragraph 17.

18. As a result of the Defendant's unjustified and excessive use of force, Plaintiff suffered injuries including bodily harm, pain and suffering.

ANSWER: Defendants deny they employed unjustified and excessive force resulting in any injuries to the Plaintiff.

## Count II-42 U.S.C. § 1983
## Failure to Intervene

19. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

ANSWER: Defendants reincorporate their answers to the foregoing paragraphs as if restated fully herein.

20. In the manner described throughout this Complaint, during the constitutional violations described herein, one or more of the unknown Chicago Police Officer Defendants stood by without intervening to prevent the misconduct.

ANSWER: Defendants deny the allegations contained in Paragraph 20.

21. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiff's constitutional rights, Plaintiff suffered pain and injury including bodily harm, pain and suffering.

ANSWER: Defendants deny the allegations contained in Paragraph 21.

## Count III- State Law Claim
## Battery

22. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

ANSWER: Defendants reincorporate their answers to the foregoing paragraphs as if restated fully herein.

23. As described more fully in the preceding paragraphs the actions of the Defendants constituted offensive physical contact made without the consent of Plaintiff.

ANSWER: Defendants deny the allegations contained in Paragraph 23.

24. Defendants' actions were undertaken intentionally, willfully and wantonly and/or with reckless indifference and conscious disregard for Plaintiff's safety.

ANSWER: Defendants deny the allegations contained in Paragraph 24.

25. Defendants' conduct was the proximate cause of Plaintiff's injuries including great bodily harm, pain and suffering.

ANSWER: Defendants deny the allegations contained in Paragraph 25.

**Count V – State Law Claim**
**Indemnification -745ILCS 10/9-102**

26. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

ANSWER: Defendants reincorporate their answers to the foregoing paragraphs as if restated fully herein.

27. At the time of the events described above, Defendant Police Officers were employed by the City of Chicago.

ANSWER: Defendants admit that Officers Geisbush, Ithal, Berry, and Turner were employed as Chicago Police Officers on May 18, 2010.

28. Defendants committed the acts alleged above under color of law and within the scope of their employment as employees of the Chicago Police Department.

ANSWER: Defendants admit that they were acting within the scope of their employment as employees of the Chicago Police Department on May 18, 2010, but deny that Officers Berry and Turner committed the acts alleged in Plaintiff's complaint.

**Count VI – State Law Claim**
**Respondeat Superior**

5

29. Each of the foregoing Paragraphs in incorporated as if restated fully herein.

ANSWER: Defendants reincorporate their answers to the foregoing paragraphs as if restated fully herein.

30. In committing the acts alleged in the preceding paragraphs, Defendant Police Officers were employed and acting as agents for the City of Chicago.

ANSWER: Defendants admit that Officers Geisbush, Ithal, Berry, and Turner were employed by and acting as agents for the City of Chicago on May 18, 2010, but deny that they committed the acts alleged in Plaintiff's complaint.

## DEFENDANTS' AFFIRMATIVE DEFENSES

The Defendants, THE CITY OF CHICAGO, CHICAGO POLICE OFFICER GEISBUSH, CHICAGO POLICE OFFICER ITHAL, CHICAGO POLICE OFFICER BERRY, AND CHICAGO POLICE OFFICER TURNER assert the following affirmative defenses:

### AFFIRMATIVE DEFENSE NUMBER 1
### QUALIFIED IMMUNITY: OFFICERS GEISBUSH, ITHAL, BERRY, AND TURNER

1. Defendants Geisbush, Ithal, Berry, and Turner, at all relevant times, performed governmental duties on behalf of the City of Chicago.

2. At all relevant times, a reasonable person objectively viewing the facts and circumstances that confronted Defendants Geisbush, Ithal, Berry, and Turner would have believed their actions to be lawful in light of clearly established law and the information they possessed.

3. At all times Defendants Geisbush, Ithal, Berry, and Turner acted in good faith.

4. Defendants Geisbush, Ithal, Berry, and Turner are therefore entitled to qualified

immunity.

## AFFIRMATIVE DEFENSE NUMBER 2
### 745 ILCS 10/2-204: OFFICERS GEISBUSH, ITHAL, BERRY, AND TURNER

1.      Officers Geisbush, Ithal, Berry, and Turner are employees of the City of Chicago, a local public entity as defined by the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act), 745 ILCS 10/1-202, 206 & 207.

2.      Section 2-204 of the Tort Immunity Act provides: "Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person." 745 ILCS 10/2-204.

3.      The Complaint contains a state law claim for battery.

4.      Officer Berry cannot be held liable for battery based on the act of another in allegedly striking the Plaintiff.

5.      Officer Turner cannot be held liable for battery based on the act of another in striking the Plaintiff.

6.      Officer Geisbush cannot be held liable for battery based on the act of another in striking the Plaintiff.

7.      Offficer Ithal cannot be held liable for battery based on the act of another in striking the Plaintiff.

7

## AFFIRMATIVE DEFENSE NUMBER 3
## 745 ILCS 10/2-202: OFFICERS GEISBUSH, ITHAL, BERRY, AND TURNER

1. Officers Geisbush, Ithal, Berry, and Turner are employees of the City of Chicago, a local public entity as defined by the Illinois Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act), 745 ILCS 10/1-202, 206 & 207.

2. Section 2-202 of the Tort Immunity Act provides: "A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act of omission constitutes willful and wanton conduct."

3. To the extent Plaintiffs' claims may be based upon a non-intentional contact made with Plaintiff during the course of his arrest, Defendants are entitled to Section 2-202 immunity.

WHEREFORE, Defendants, THE CITY OF CHICAGO, CHICAGO POLICE OFFICERS GEISBUSH, ITHAL, BERRY, AND TURNER, respectfully request that this Court dismiss Plaintiff's Complaint, with prejudice and award Defendants their costs associated with defending this action, including attorneys' fees together with such other and further relief this Court deems just and equitable

          Respectfully submitted on behalf of Defendants:
          The City of Chicago
          Officer Geisbush
          Officer Ithal
          Officer Berry
         Officer Turner

BY:    <u>s/Patrick G. Connelly</u>

One of their Attorneys
Daniel F. Gallagher
Larry S. Kowalczyk
Patrick G. Connelly
QUERREY & HARROW, LTD.
175 W. Jackson Blvd., Suite 1600
Chicago, IL 60604
(312) 540-7000