# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4609 | **DATE** | September 26, 2012 |
| **CASE TITLE** | *Richardson v. City of Chicago* | | |

**DOCKET ENTRY TEXT:**

The defendants' motion for summary judgment [93] is granted in part and denied in part. Specifically, the defendants' motion for summary judgment is granted as to the excessive force claim (Count I), denied as to the failure to intervene claim (Count II), and denied without prejudice as to the state law claims (Counts III, V, and VI) (the complaint does not contain a Count IV). If the defendants wish to pursue summary judgment as to the state law claims, they must file a renewed motion for summary judgment by 10/18/2012. The response shall be filed by 11/1/2012 and the reply shall be filed by 11/8/2012. The parties are directed to use their existing Rule 56.1 materials in connection with any renewed motion.

■[ For further details see text below.]

## STATEMENT

*Background*

On May 18, 2010, Chicago police officers stopped a car being driven by Derrick Nicholson near 5740 South Winchester Avenue in Chicago. Plaintiff Denesio Richardson was in the back seat. According to Mr. Richardson, he offered no resistance but was dragged out of the car and after additional officers arrived at the scene, he was kicked in the head and brutally beaten. The court's use of the passive voice signals the main disputed issue of fact in this case: the identity of the officers involved in the alleged beating.

The parties agree that Mr. Richardson was a passenger in Mr. Nicholson's car on May 18, 2010. Mr. Richardson asserts that the seven officers named as defendants (Officers Ithal, Geisbush, Berry, Turner, Ward, Reyes, and Cavenaugh) were present at the scene when he was beaten and are the officers who placed him into custody. The contact card for Mr. Richardson, who was not arrested, states that Officers Ithal and Geisbush prepared it. The case incident report and arrest report for Mr. Nicholson, who was arrested, states that the seven defendant officers named in this case were involved in Mr. Nicholson's arrest. The defendant officers assert that they focused their attention on Mr. Nicholson and did not recall seeing anyone matching Mr. Richardson's description during the traffic stop.

(continued)

| | Courtroom Deputy Initials: | TCP/c |
|---|---|---|

**STATEMENT**

Mr. Richardson's second amended complaint names the City of Chicago, the seven officers, and unknown officers as defendants and includes § 1983 claims of excessive force (Count I) and failure to intervene (Count II) plus state law claims of battery (Count III), indemnification (Count V), and respondeat superior (Count VI).[1] The defendants' motion for summary judgment as to all claims is before the court.

*Standard for A Motion For Summary Judgment*

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Valenti v. Qualex, Inc.*, 970 F.2d 363, 365 (7th Cir. 1992). A court should grant a motion for summary judgment only when the record shows that a reasonable jury could not find for the nonmoving party. *Id*.

*Excessive Force*

Mr. Richardson concedes that he cannot identify the officers who allegedly used excessive force. *See* Plaintiff's Response (Dkt. 100) at 6. He then contends that his inability to identify the officers does not affect his failure to intervene claim because he "is not required to identify specifically who landed the blows so long as he can establish, as he does here, who was present for those blows." *Id*. at 8.

An officer who had "a realistic opportunity to step forward and prevent a fellow officer from violating the plaintiff's rights through excessive force but failed to do so" may be held liable under § 1983. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000). Thus, the Seventh Circuit has held that failure to intervene can expose an officer to liability even if the plaintiff cannot identify the police officers who allegedly hit him. *Id*. ("If, as we are required to do at this point in the case, [the plaintiff's] allegations are taken as true, whichever officer was not directly responsible for the beating was idly standing by. If [the plaintiff] can show at trial that an officer attacked him while another officer ignored a reasonable opportunity to intervene, he can recover").

Mr. Richardson raises claims of excessive force and failure to intervene. To the extent he can recover under § 1983, he must do so via his failure to intervene claim. *See id*. Accordingly, the defendants are entitled to summary judgment on his excessive force claim (Count I).

*Failure to Intervene*

Under § 1983, a police officer has a duty to intervene to prevent the use of excessive force if he is informed of facts that establish a constitutional violation and is able to prevent that violation. *Montano v. City of Chicago*, 535 F.3d 558, 569 (7th Cir. 2008). The defendants stress that Mr. Richardson has not pointed to evidence showing that the defendant officers personally failed to intervene. Specifically, the defendants argue that because Mr. Richardson did not see his alleged attackers and thus can only claim that "one or more of the unknown Chicago Police Officer Defendants stood by without intervening to prevent the misconduct," Second Amended Complaint (Dkt. 68) at ¶ 20, they are entitled to summary judgment on the failure to intervene claim.

(continued)

---

[1] The complaint does not include a Count IV.

## STATEMENT

The Seventh Circuit, however, has held that suing the officers present at the scene of the alleged attack is sufficient to survive summary judgment when the alleged use of excessive force prevents the plaintiff from identifying the officers at issue. *Miller v. Smith*, 220 F.3d at 494-95. In *Miller*, the plaintiff "sued all six of the officers who eventually arrived on the scene" of his arrest when excessive force was allegedly used. The district court found that the plaintiff "could not bring excessive force claims against any of the officers because he could not . . . . identify his assailant" as "he said he was lying face-down on the ground at the time of the attack." *Id*. It thus granted the defendants' motion for summary judgment.

The Seventh Circuit reversed, stating:

> . . . while it is true that a plaintiff must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right, a defendant's direct participation in the deprivation is not required. *See, e.g., Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). "An official satisfies the personal responsibility requirement of § 1983 if she acts or fails to act with a deliberate or reckless disregard of the plaintiff's constitutional rights." *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982). Under this rule, police officers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's rights through the use of excessive force but fail to do so have been held liable. *See, e.g., Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).
>
> [The plaintiff] contends that either [officers] Smith or Brower (with Dunn nearby) smacked him around while he lay cuffed on the ground. If, as we are required to do at this point in the case, [the plaintiff's] allegations are taken as true, whichever officer was not directly responsible for the beating was idly standing by. If [the plaintiff] can show at trial that an officer attacked him while another officer ignored a realistic opportunity to intervene, he can recover. Since he alleges facts to support these claims, they should not have been dismissed [at the summary judgment stage].
>
> And because [the plaintiff] presents a viable claim on the facts alleged, the final reason for granting summary judgment – that [the plaintiff] failed to introduce sufficient evidence to support his claim – must be rejected. In essence, what we have here is a credibility question. If the officers' version of the events is true, [the plaintiff] was not mistreated. If the claims in [the plaintiff's] lonely affidavit [containing his version of events], however, are true, he has a case. To quote from the district court's opinion, "In ruling on a summary judgment motion the court accepts as true the non-moving party's evidence, draws all legitimate inferences in favor of the non-moving party, and does not weigh the evidence or the credibility of witnesses." Following this rule leads to the conclusion that a trier of fact must sort out the truth of whether or not [the plaintiff] was assaulted . . .

*Id*. at 495.

Mr. Richardson's situation is remarkably similar to that of the plaintiff in *Miller*. Both men, under their version of events, could not see the officers who allegedly attacked them due to the nature of the attacks. Moreover, both sets of officers deny that they engaged in any wrongful conduct but were unquestionably at the

(continued)

Page 3

| **STATEMENT** |
|---|

scene.  Specifically, in this case, the seven defendant officers named in this case were involved in Mr. Nicholson's arrest, Mr. Nicholson and Mr. Richardson were traveling in the same stopped vehicle, and two of the defendant officers prepared the custody card prepared for Mr. Nicholson.  Finally, in both cases the defendant officers sought summary judgment on the failure to intervene claim due to the plaintiff's inability to testify that he saw Officer X attack him.  Pursuant to *Miller*, summary judgment is inappropriate for a failure to intervene claim against a group of officers who allegedly used excessive force in a way that prevents a plaintiff from identifying them.  Mr. Richardson thus may attempt to "show at trial that an officer attacked him while another officer ignored a realistic opportunity to intervene."  *Id*. at 495.  The motion for summary judgment on the failure to intervene claim is, therefore, denied.

*State Law Claims*

The parties concentrated their energies on the § 1983 claims and gave the state law claims (battery, respondeat superior, and indemnification) short shrift.  Because the § 1983 failure to intervene claim must go to trial, the court will exercise jurisdiction over the state law claims.  However, it declines to craft arguments for the parties.  If the defendants wish to pursue a summary judgment as to the state law claims, they must file a renewed motion for summary judgment by October 18, 2012.  Mr. Richardson must file his response by November 1, 2012, and the defendants shall file their reply by November 8, 2012.  The parties are directed to use their existing Rule 56.1 materials in connection with any renewed motion.

Page 4